UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL ENERGY SOLUTIONS, INC.,

    Plaintiff

v.

SRI ENERGY, LLC and PRASAD
GULLAPALLI,

    Defendants,

and

SRI ENERGY, LLC,

    Counter-plaintiff,

v.

GENERAL ENERGY SOLUTIONS, INC.,

    Counter-defendant,

and

SRI ENERGY, LLC,

    Third-party plaintiff,

v.

GENERAL ENERGY SOLUTIONS, USA INC.
and SUNVESTMENT ENERGY GROUP
MI 57, LLC,

    Third-party defendants.
                                                       /

Case Number 18-14007
Honorable David M. Lawson

## **ORDER DENYING MOTION TO STRIKE EXHIBIT, TO SEAL EXHIBIT, AND FOR SANCTIONS**

This matter is before the Court on third-party defendant Sunvestment Energy Group MI 57, LLC's ("Sunvestment") motion to strike Exhibit 4 to third-party plaintiff SRI Energy, LLC's

("SRI Energy") response to Sunvestment's and third-party defendant General Energy Solutions, USA Inc.'s motion to dismiss the third-party complaint. The motion further requests that the Court file under seal Exhibit 4, which contains the terms of Sunvestment's and SRI Energy's engineering, procurement, and construction services agreement ("Agreement"), and impose sanctions on SRI Energy for failing to file the exhibit under seal in the first instance. The Court has reviewed the parties' submissions and finds that Sunvestment has not presented adequate grounds to support placing the exhibit under seal. Additionally, striking the exhibit in its unredacted form is not justified under the circumstances, and there is no basis to impose sanctions on SRI Energy; the motion therefore will be denied.

Parties desiring to file court papers under seal face a formidable task in overcoming the presumption that court filings are open to public inspection. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983)). "[T]he public is entitled to assess for itself the merits of judicial decisions," and, thus, "'[t]he public has an interest in ascertaining what evidence and records the District Court [has] relied upon in reaching [its] decisions.'" *Ibid.* (quoting *Brown & Williamson*, 710 F.2d at 1181).

"The courts have long recognized, therefore, a 'strong presumption in favor of openness' as to court records," and the "burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane Group*, 825 F.3d at 305 (citing *Brown*, 710 F.2d at 1179; *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). "The burden is a heavy one: 'Only the most compelling

reasons can justify non-disclosure of judicial records.'" *Ibid.* (quoting *Knoxville News*, 723 F.2d at 476).

The status of the information sought to be shielded from public view as a trade secret is relevant. But trade secret status is neither a necessary nor a sufficient condition for sealing. *Kondash v. Kia Motors America, Inc.*, --- F. App'x ---, 2019 WL 1418168, at *3 (6th Cir. Mar. 28, 2019) ("While the existence of a trade secret will generally satisfy a party's burden of showing a compelling reason for sealing documents, even if a trade secret does not exist, a court may still find a compelling reason exists; further, even if a district court finds that a trade secret exists, it must still determine whether public interest outweighs the moving party's interests in protecting their trade secret.").

Even "[w]here a party can show a compelling reason for sealing, the party must [still] show why those reasons outweigh the public interest in access to those records and that the seal is narrowly tailored to serve that reason." *Id.* at *2. "To do so, the party must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Ibid.* (quoting *Shane Group*, 825 F.3d at 305-06).

In the instant motion Sunvestment asserts that the Agreement contains "protected and highly confidential information, including pricing, payment terms, and specifications" and that public disclosure of this information has caused and will continue to cause it irreparable injury. That injury, according to Sunvestment, is the deprivation of an expected benefit of confidentiality based on a nondisclosure provision in the Agreement. Sunvestment contends that not only will its other clients exploit the Agreement's terms, but the clients also have reason to doubt whether their information, similarly governed by a nondisclosure agreement, will remain private in the event of a future dispute with Sunvestment.

But Sunvestment's vaguely phrased fears of revealing information that could compromise its negotiating power in future contracts with other clients are inadequate to justify sealing because "proponents of closure bear the burden of showing that 'disclosure will work a clearly defined and serious injury[.]'" *Shane Group*, 825 F.3d at 307 (quoting *Cendant*, 260 F.3d at 194). "'In delineating the injury to be prevented, specificity is essential,'" but, just as in *Shane Group*, Sunvestment "offers only platitudes" in its perfunctory briefing in support of the motion to strike the exhibit and place it under seal. *Ibid*. "'In civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault),' is typically enough to overcome the presumption of access." *Id*. at 308 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)); *Brown*, 710 F.2d at 1180 ("In such cases, a court should not seal records unless public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records"). To qualify for protection as a trade secret, "information must (1) derive economic value from the fact that it is not known to others who could make use of it, and (2) be the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *Mike's Train House, Inc. v. Lionel*, LLC, 472 F.3d 398, 410 (6th Cir. 2006). Here, Sunvestment has not "even tried to demonstrate that any of the [information in the Agreement] is comparable to a trade secret." *Ibid*.

Not only has Sunvestment failed to make any sufficiently compelling presentation to warrant sealing the Agreement, but it also has not established that striking the exhibit in its unredacted form is proper under the circumstances. Sunvestment filed a redacted version of the Agreement in support of its motion, concealing only the contract price and the damages cap on liability. *See* ECF No. 24-1. Sunvestment argues that these portions of the Agreement are not

germane to the issues in this case. However, the parties' dispute involves an alleged failure by both sides to make good on payments either directly arising out of or related to this Agreement, and the amounts owed therefore will be central to the Court's review of the parties' respective breach of contract claims. There is no good reason why this information should be excluded from public consideration.

Because the motion to strike and to place the Agreement under seal lacks merit, the Court need not address Sunvestment's request for sanctions.

Accordingly, it is **ORDERED** that Sunvestment's motion to strike Exhibit 4 to SRI Energy's response, to file the exhibit under seal, and for sanctions (ECF No. 24) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date: May 9, 2019